549 F.2d 5
 94 L.R.R.M. (BNA) 2584, 81 Lab.Cas. P 13,016
 Andrew G. GRUTKA, as Bishop of the Catholic Diocese of Gary,
Indiana, Plaintiff-Appellee,
v.
Alex V. BARBOUR, Regional Director of the Thirteenth Region,
National Labor Relations Board, et al.,
Defendants-Appellants.
 Nos. 76-2129, 76-2130.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 21, 1977.
Decided Feb. 2, 1977.
Certiorari Denied May 2, 1977.
See 97 S.Ct. 1706.
 
 Elliott Moore, John C. Rother, William Wachter, N.L.R.B., Washington, D. C., Charles Orlove, Chicago, Ill., for defendants-appellants.
 William B. Ball, Harrisburg, Pa., William J. O'Connor, Hammond, Ind., for plaintiff-appellee.
 Before CUMMINGS, PELL and SPRECHER, Circuit Judges.
 CUMMINGS, Circuit Judge.
 
 
 1
 In October 1975, the Union[1] filed a representation petition with defendant Alex Barbour, the Regional Director of the 13th Region of the National Labor Relations Board, seeking an election in a unit composed of lay teachers[2] employed by the Roman Catholic Diocese of Gary, Indiana, in its grammar and high schools. After a hearing, Barbour determined that the Board had jurisdiction and scheduled a representation election for October 7, 1976. The election took place but the ballots have not yet been counted.
 
 
 2
 In May 1976, the president of the Union filed an unfair labor practice charge against the defendant Bishop of the Catholic Diocese of Gary, Indiana, alleging that the union official had been discharged because of his union activities, in violation of Sections 8(a)(1) and (3) of the National Labor Relations Act (29 U.S.C. §§ 158(a)(1) and (3)). Thereafter a complaint issued and a trial began before an administrative law judge on September 21, 1976. The General Counsel's case-in-chief has been closed.
 
 
 3
 On September 16, 1976, the Bishop filed a complaint in the district court seeking to enjoin the Board from holding the October 7, 1976, representation election, from continuing with the unfair labor practice proceeding, and from asserting jurisdiction over the Bishop. The court was asked to declare the National Labor Relations Act unconstitutional as applied to lay teachers in parochial schools. Eight days later the Bishop also sought a temporary restraining order seeking similar relief.
 
 
 4
 On October 5, 1976, the district court handed down a memorandum decision enjoining the counting of the ballots in the representation election or any other proceedings in the representation case and enjoining further proceedings in the unfair labor practice case pending this Court's determination of the constitutional issue in Catholic Bishop of Chicago v. National Labor Relations Board, No. 76-1600, argued here on January 21, 1977, and now sub judice. Relying primarily on Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, the district court held that it had jurisdiction because the plaintiff had presented a "not clearly frivolous" First Amendment challenge to the Board's actions. On October 26, the Union was permitted to intervene as a defendant, but its motion to modify the preliminary injunction in order to tally the ballots cast was denied. Thereafter, the Board and Union appealed.[3]
 
 
 5
 It is well settled that district courts generally do not have jurisdiction to enjoin the Labor Board from conducting representation or unfair labor practice proceedings. Under Section 10 of the National Labor Relations Act (29 U.S.C. § 160), with exceptions which are immaterial here, the exclusive means of obtaining judicial review of Board rulings by an aggrieved party is in a court of appeals. Normally, the administrative remedies extant before the Labor Board must be exhausted as a prerequisite to federal jurisdiction. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 48-49, 58 S.Ct. 459, 82 L.Ed. 638; Chicago Automobile Trade Association v. Madden, 328 F.2d 766, 768-769 (7th Cir. 1964), certiorari denied, 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747; Vapor Blast Manufacturing Co. v. Madden, 280 F.2d 205, 208-209 (7th Cir. 1960), certiorari denied, 364 U.S. 910, 81 S.Ct. 273, 5 L.Ed.2d 225. Catholic Bishop of Chicago, supra, arrived at our judicial door through this usual procedural route.
 
 
 6
 However, an extraordinary procedural route, first charted by Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, exists occasionally. In Kyne, the Board included both professional and nonprofessional employees in the bargaining unit that it found appropriate after refusing to take a vote among the professional employees of a labor organization to determine whether a majority of them would "vote for inclusion in such unit," as mandated by Section 9(b)(1) of the National Labor Relations Act (29 U.S.C. § 159(b)(1)). As a result, it could properly be said of the suit in Kyne that it"is not one to 'review,' in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction. Rather it is one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act." 358 U.S. at 188, 79 S.Ct. at 184.
 
 
 7
 Therefore the fact-finding mission, the considerations of administrative expertise and the desire to prevent litigious interruptions of the on-going administrative process, which together make up the raison d' etre of the exhaustion doctrine (Weinberger v. Salfi, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522), are simply irrelevant when the Board has clearly breached the bounds of its proper authority as a matter of law. See Machinery, Scrap Iron, etc. Employees, Local 714 v. Madden, 343 F.2d 497, 499 (7th Cir. 1965), certiorari denied, 382 U.S. 822, 86 S.Ct. 53, 15 L.Ed.2d 69; cf. Federal Trade Commission v. Feldman, 532 F.2d 1092, 1096 (7th Cir. 1976); Federal Trade Commission v. Miller, 549 F.2d 452 (7th Cir. 1977). Unlike Kyne, this case presents no patent disregard by the Board of the bounds of its statutory jurisdiction.[4]
 
 
 8
 It may be assumed that a fortiori a district court could enjoin an exercise of Board jurisdiction which was unconstitutional as a matter of law. In the religious area, the essence of First Amendment inquiry is entanglement, i. e., whether the involvement of the state has improperly established religion or impermissibly interfered with the free exercise of a religious belief. See Roemer v. Board of Public Works, 426 U.S. 736, 96 S.Ct. 2337, 49 L.Ed.2d 179; Tilton v. Richardson, 403 U.S. 672, 91 S.Ct. 2091, 29 L.Ed.2d 790; Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745; Wisconsin v. Yoder, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15. But the nature and scope of the state entanglement attacked can only be measured against a factual record delineating the character of entanglement which assertedly arises from the state intrusion. Where, as here, the very operation of the exhaustion doctrine serves to create a record upon which the constitutionality of application of the challenged statute may be judged, a premature review in the district court is singularly inappropriate. As the Supreme Court noted in Boire v. Greyhound Corp., 376 U.S. 473, 481, 84 S.Ct. 894, 899, 11 L.Ed.2d 849, when the central question in a labor case
 
 
 9
 "is essentially a factual issue, unlike the question in Kyne, which depended solely upon construction of the statute * * * (the Court will not) permit plenary district court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law. Judicial review in such a situation has been limited by Congress to the courts of appeals * * *."
 
 
 10
 The Bishop raises two somewhat related arguments which assert that in the context of the First Amendment, the matter of law/matter of fact distinction outlined above is an overly facile solution to the problem of when district court jurisdiction is appropriate. The Bishop's first argument is that for any constitutional challenge to administrative action, the need for exhaustion is vitiated since the Board is inherently unsuited to judge the constitutionality of the National Labor Relations Act. It is true that "(a)djudication of the constitutionality of congressional enactments has generally been thought beyond the jurisdiction of administrative agencies." Oestereich v. Selective Service Local Board No. 11, 393 U.S. 233, 242, 89 S.Ct. 414, 419, 21 L.Ed.2d 402 (Harlan, J., concurring); Public Utilities Commission of California v. United States, 355 U.S. 534, 539-540, 78 S.Ct. 446, 2 L.Ed.2d 470. However, in these cases, the factual predicate has not been in dispute, so that the only issue remaining was the constitutionality of the statute as a matter of law. Mathews v. Diaz, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478; Wilson v. Edelman, 542 F.2d 1260, 1271-1273 (7th Cir. 1976). The matter of fact/matter of law distinction of Boire the difference between a challenge to the application of a particular provision of a statute to a particular set of facts as contradistinct from a challenge to the particular provision on its face which respectively operates to deny or permit district court jurisdiction is a proper governing principle when the allegedly ultra vires action by the agency is attacked on constitutional grounds. Johnson v. Robison, 415 U.S. 361, 366-368, 94 S.Ct. 1160, 39 L.Ed.2d 389; Weinberger v. Salfi, 422 U.S. 749, 761-762, 95 S.Ct. 2457, 45 L.Ed.2d 522. Since the dimension of state-church entanglement can only be intelligently assessed against a developed factual background and since developing a factual record in labor disputes is a task peculiarly within the competence of the Board, we recognize the importance here of permitting the exhaustion doctrine to run its normal course. Because the Bishop does not seek review of agency action bottomed on the plain wording of a statute which is alleged to be facially unconstitutional, the Boire teachings on the rare availability of district court review are freely transferrable to the constitutional realm.[5] Weinberger v. Salfi, 422 U.S. 749, 764-767, 95 S.Ct. 2457, 45 L.Ed.2d 522, cf. Wilson v. Edelman, 542 F.2d 1260, 1273 (7th Cir. 1976).
 
 
 11
 The Bishop's second argument is based on the character of his constitutional attack. Apart from the theoretical resolution of a generalized constitutional attack on the Board's actions, the Bishop asserts that a challenge on First Amendment grounds presents special conceptual problems deriving from the "chilling effect" of First Amendment theory, citing Wolff v. Selective Service Board No. 16, 372 F.2d 817, 823-825 (2d Cir. 1967).[6]
 
 
 12
 The constitutional allegations of this complaint do not confer jurisdiction upon the district court because the statutory review procedures are fully adequate to protect the plaintiff's constitutional rights.[7] The cases relied upon in the memorandum decision below and by the plaintiff before this Court are inapplicable because there simply is no unavoidable "chill." If the Union wins this election and is certified by the Board, the plaintiff may refuse to bargain with the Union and test the validity of the Board's jurisdiction in this Court. Similarly, if the union president should prevail in his unfair labor practice trial, the plaintiff can defend an enforcement suit in this forum. Thus the status quo in this case does not impede the free exercise of religious belief.
 
 
 13
 In holding that the district court has no jurisdiction, we are not passing on the merits of the controversy. For want of jurisdiction, the district court's order will be vacated to permit the Board to proceed to conclude both the representation and unfair labor practice cases. Any First Amendment challenge may later be presented in this Court.
 
 
 14
 The order of October 5, 1976,[8] is vacated and set aside with directions to dismiss the action. Our mandate shall issue forthwith.
 
 
 
 [1]
 The Lay Teachers Federation of Gary Diocese, Local 3493, American Federation of Teachers
 
 
 [2]
 The unit sought by the Union included all of the full-time and part-time lay teachers, counselors, librarians and school nurses employed by the Diocese. For convenience, we refer to the members of the unit as "lay teachers."
 
 
 [3]
 Although the district court's opinion addressed issues raised in the plaintiff's motion for a temporary restraining order, it is clear from the indefinite temporal extent of the restraint imposed that the restraining order must be treated as a grant of a preliminary injunction for purposes of appellate jurisdiction under 28 U.S.C. § 1292(a)(1). Sampson v. Murray, 415 U.S. 61, 85-88, 94 S.Ct. 937, 39 L.Ed.2d 166. Indeed, in its subsequent order permitting union intervention, the court denied the Union's motion "to modify the preliminary injunction." (Emphasis supplied.)
 
 
 [4]
 The memorandum decision also relied upon McCulloch v. Sociedad Nacional, 372 U.S. 10, 16-17, 83 S.Ct. 671, 9 L.Ed.2d 547, where the district court enjoined a Board order requiring an election for seamen on ships flying a Honduran flag of convenience, which had caused international protests. The Supreme Court, in ratifying the district court's jurisdiction, explicitly stated that Sociedad Nacional is "not to be taken as an enlargement of the exception in Kyne." 372 U.S. at 17, 83 S.Ct. at 675. Indeed, the critical national interest involved in Sociedad Nacional was so compelling that the "(i)mportant interests of the immediate parties" were subjugated entirely to a "uniquely compelling justification for prompt judicial resolution of the controversy over the Board's power." Id
 
 
 [5]
 In fact, the Boire distinction has been applied to review of Selective Service Board action involving religious-based exemptions and deferments. Pre-induction review in the courts in the face of a statute which prevented the same is allowed only to resolve claims that the statutes or regulations administered are invalid on their face. Compare Oestereich v. Selective Service Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, and Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653, with Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418, and Fein v. Selective Service System Local Board No. 7, 405 U.S. 365, 92 S.Ct. 1062, 31 L.Ed.2d 298. See generally Hart & Wechsler, The Federal Courts and the Federal System 365-372 (2d ed. 1973)
 
 
 [6]
 Wolff involved a claim that the Board had misapplied the applicable statutes or regulations in revoking a draft deferment for participation in a demonstration, and not a challenge to the validity of the laws themselves. In this light, Wolff clearly did not survive the draft cases in the Supreme Court's 1968 October Term. See note 5 supra
 
 
 [7]
 The district court opinion also relied on Fay v. Douds, 172 F.2d 720 (2d Cir. 1949). If still viable, Fay is inapplicable because Bishop Grutka is not asserting a vested property right with respect to a collective bargaining agreement where he has no way of ultimately obtaining judicial review. Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 773-774, 67 S.Ct. 1493, 1504, 91 L.Ed. 1796, relied on by the plaintiff, is likewise inapposite because "inadequacy of the prescribed procedure and of impending harm" have not been sufficiently shown
 Since the plaintiff's constitutional rights have adequate protection in the Court of Appeals, Congress' decision to place exclusive jurisdiction in this Court is unchallengeable. Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339. See generally Hart & Wechsler, The Federal Courts and the Federal System 313-324 (2d ed. 1973).
 
 
 [8]
 Insofar as the district court's order of October 26, 1976, refused to modify its preliminary injunction to allow the tally and disclosure of the ballots cast on October 7, 1976, it is also vacated