**SEMI–ALLOYS, INC., Plaintiff,**

v.

**Winifred D. MORIO, as Regional Director, National Labor Relations Board, Defendant.**

**No. 80 Civ. 1657(MP).**

United States District Court, S. D. New York.

June 2, 1980.

Henry C. Woicik, Jericho, N. Y., for plaintiff.

Margery E. Lieber, Deputy Asst. Gen. Counsel for Sp. Litigation, N. L. R. B. by J. Keith Gorham, Washington, D. C., for defendant.

## MEMORANDUM

MILTON POLLACK, District Judge.

Plaintiff Semi-Alloys, Inc., moves for a temporary restraining order and preliminary injunction to prevent defendant Morio, a Regional Director of the National Labor Relations Board, from proceeding with a hearing scheduled to take place on June 9, 1980. Defendant scheduled the hearing for the dual purpose of determining whether plaintiff committed certain unfair labor practices during the course of a representation drive by the International Brotherhood of Electrical Workers (the Union), and whether the results of the disputed representation election should be certified. Defendant had previously certified the results of this election, but, as detailed below, revoked this certification on the basis of subsequently discovered evidence presented to her by the Union.

The gist of plaintiff's position is that defendant's revocation of the above-mentioned certification without first holding a hearing deprived plaintiff of its "property rights" in the certification without due process of law. Plaintiff is thus in the self-defeating posture of seeking to enjoin defendant from holding the hearing of which plaintiff claims to have been deprived.

Defendant has moved to dismiss the complaint, or, in the alternative, for summary judgment, on the ground that this Court lacks jurisdiction.

For the reasons given hereafter, plaintiff's motion for a temporary restraining order and preliminary injunction will be denied, and defendant's motion for summary judgment will be granted.

*The proceedings to date*

The representation election from which this action arises was held on January 10, 1979. A tally of the ballots revealed that a majority of the eligible employees voted not to be represented by the Union.

The Union attacked the results of the election on two fronts, filing on January 15, 1979 eight objections to alleged abuses of the election process by Semi-Alloys, and subsequently filing on February 5, 1979 an unfair labor practice charge against the Company. The unfair labor practice charge duplicated two of the objections to the election result in alleging that the Company coercively interrogated employees about and discharged employees because of their union activities.

After investigating the unfair labor practice charges, the Regional Director, in letters dated April 30, 1979 and August 16, 1979 declined to issue a complaint and dismissed the charges. The Union's appeal of this dismissal to the General Counsel was denied on September 11, 1979. Meanwhile,

on June 13, 1979, the Regional Director overruled the Union's election objections and on July 31, 1979 certified the election results.

On January 23, 1980 the Union filed a motion to reopen the unfair labor practice charge on the basis of newly discovered evidence supporting its allegations. After investigating this evidence (but before inviting any response from plaintiff), the Regional Director revoked the prior dismissals of the charges, and on February 28, 1980 issued a complaint alleging that Semi-Alloys had engaged in unlawful polygraph interrogation of employees, and had discharged ten employees because of their union activities.

On March 14, 1980, the Regional Director issued a further Order revoking her prior certification of the representation election results, pending a hearing on the unfair labor practice charges. The Order stated that whereas the unfair labor practice charges substantially duplicated two of the Union's election objections, which had been overruled in part because the corresponding unfair labor practice charges had been dismissed, the matters should be consolidated for a hearing, and the certification should be revoked pending that hearing. The Order also noted that "any party may request from the Board special permission to appeal this direction of a hearing in the instant representation [m]atter."

The Company did not seek special permission to appeal the Regional Director's Order, but instead filed the complaint in this action on March 24, 1980, alleging that defendant exceeded her legal authority and violated plaintiff's due process rights by revoking the certification of the election results without first holding a hearing.

*This Court lacks jurisdiction*

Section 10(f) of the Labor-Management Relations Act, 29 U.S.C. § 160(f), provides:

Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or where such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside.

The review mechanism of § 10(f) has repeatedly been held to be exclusive, and, in the absence of extraordinary circumstances, to deprive District Courts of jurisdiction over claims challenging Board proceedings. *See, e. g., Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48, 58 S.Ct. 459, 462, 82 L.Ed. 638 (1937) ("The District Court is without jurisdiction to enjoin hearings because [that] power . . . has been vested by Congress in the Board and the Circuit Court of Appeals, and Congress has declared: This power shall be exclusive . . ."); *Bokat v. Tidewater Equipment Company*, 363 F.2d 667, 673 (5th Cir. 1966).

However, this rule has a narrow exception, which plaintiff claims is here applicable, where the Board's actions are plainly contrary to a specific prohibition in the Act or in violation of a party's constitutional rights. *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) (District Court had jurisdiction to set aside Board action that was clearly in violation of mandates of the Act); *Fay v. Douds*, 172 F.2d 720 (2d Cir. 1949) (District Court had jurisdiction over claim that Board's final determination, without a hearing, that a consent election could be held in which the incumbent Union could not participate, deprived Union of "property rights" in maintaining its position as exclusive bargaining agent).

The Supreme Court has cautioned that The *Kyne* exception is a narrow one, not to be extended to permit plenary district court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law.

*Boire v. Greyhound Corp.*, 376 U.S. 473, 481, 84 S.Ct. 894, 899, 11 L.Ed.2d 849 (1964).

*See also, McCulloch v. Libbey-Owens-Ford Glass Co.*, 403 F.2d 916, 917 (D.C.Cir. 1968), *cert. denied*, 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969) ("[T]he showing that the Board has violated the Act or deprived a plaintiff of constitutional rights must be strong and clear.").

■ This Court has found no statutory provision prohibiting a Regional Director from revoking a prior certification of an election, and plaintiff conceded at oral argument that it knew of no such provision. Plaintiff argues, however, that it has raised a sufficiently substantial constitutional claim to give this Court jurisdiction under *Fay v. Douds, supra*, and its progeny.

Those cases involved situations where District Court intervention in Board proceedings was necessary to prevent irreparable injury to a party's constitutional rights because no other adequate avenue for review existed. Thus, *Fay v. Douds, supra*, concerned a *final* determination by the Board that an incumbent Union could not participate in a representation election; the Union would have been entirely without recourse had the District Court not assumed jurisdiction over the constitutional claim raised by the Union.

By contrast, the order plaintiff seeks relief from here is a mere temporary order that will either be dissolved or made final after the hearing is held that plaintiff seeks to enjoin. District Court intervention in this case would thus be "at war with the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted," and with the "principle which requires administrative finality as a prerequisite to judicial review." *Bokat v. Tidewater Equipment Company, supra*, 363 F.2d at 671.

Moreover, plaintiff has not demonstrated that the normal statutory review procedure is inadequate to protect its constitutional rights and to correct any constitutional violation that may have occurred. Review of the Board's procedures will be available in the Court of Appeals either under § 10(e) (in the event that a new election is ordered, which the Union wins, and the Company refuses to bargain with it) or § 10(f) (in the event that the Company is found to have committed an unfair labor practice). Where the party challenging the Board's actions will be able to obtain eventual court review of those actions, there is no reason for a District Court to assert jurisdiction over the claim, in contravention of the review procedure established by Congress. *See, Grutka v. Barbour*, 549 F.2d 5, 9 (7th Cir.), *cert. denied*, 431 U.S. 908, 97 S.Ct. 1706, 52 L.Ed.2d 394 (1977) ("Since the plaintiff's constitutional rights have adequate protection in the Court of Appeals, Congress' decision to place exclusive jurisdiction in this Court is unchallengeable.").

In sum, plaintiff's claim does not fit within the narrow range of cases in which it has been held appropriate for a District Court to intervene in the process of the NLRB and consequently this Court lacks jurisdiction over the claim.

Accordingly, plaintiff's motion for a temporary restraining order and preliminary injunction should be and hereby is denied, and defendant's motion for summary judgment dismissing the complaint should be and hereby is granted.

So Ordered.