## TELEPHONE COMMERCIAL EMPLOYEES UNION, Plaintiff,

v.

## Arthur EISENBERG, as Regional Director of Region 22 of the National Labor Relations Board and the National Labor Relations Board, Defendants.

### No. 84 C 3835.

United States District Court,
N.D. Illinois, E.D.

July 19, 1984.

Stephen A. Yokich, Gilbert A. Cornfield, Cornfield & Feldman, Chicago, Ill., for plaintiff.

Aileen A. Armstrong, Eric G. Moskowitz, Elaine Patrick, Asst. Gen. Counsel for Special Litigation, National Labor Relations Board, Washington, D.C., Harvey Roth, National Labor Relations Board, Region 13, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before this Court is plaintiff's motion for summary judgment and defendants' memorandum in opposition to the complaint which is considered by this Court to be a motion to dismiss. For the reasons stated herein, the complaint is dismissed without prejudice for failure of the plaintiff to exhaust all administrative remedies.

### I. FACTS

The following facts are alleged in plaintiff's complaint and exhibits. For purposes of this order they are considered to be true.

Plaintiff, the Telephone Commercial Employees Union ("TCEU"), is a labor union representing individuals who live and work in the State of Illinois in the telecommunications industry. TCEU is suing on behalf of itself and on behalf of its members who are employed by a subsidiary of the American Telephone and Telegraph Company ("AT & T"). That subsidiary, created mainly from the former AT & T Long Lines Division of AT & TC, is AT & T Communications ("AT & TC"). As a result of the divestiture of AT & TC, approximately 100 TCEU members were transferred from Illinois Bell to AT & TC. As well, approximately 31,000 employees, represented by the Communications Workers of America ("CWA"), were transferred to AT & TC from AT & T Long Lines Division.

On January 31, 1984, AT & TC filed a unit clarification petition with Region 22 of defendant, the National Labor Relations Board ("NLRB"). Defendant Arthur Eisenberg is the Regional Director of Region 22. The AT & TC petition seeks to subject the 100 TCEU members to a nationwide collective bargaining agreement which was negotiated and executed between AT & T Long Lines and CWA.

Eisenberg has refused to schedule a hearing to explore the issues relevant to the AT & TC petition. On March 13, 1984, Eisenberg issued a Notice to Show Cause why TCEU members and other affected parties should not be placed under CWA's jurisdiction. TCEU seeks, through a hearing, to gain information it feels it needs to respond to AT & TC's unit clarification petition and the subsequent Notice to Show Cause. On May 8, 1984, this Court granted TCEU a temporary restraining order enjoining Eisenberg from granting the petition without a hearing. TCEU seeks injunctive relief which would require Eisenberg to hold a hearing before TCEU members can be deprived of its representation.

## DISCUSSION

As a general rule, "the administrative remedies extant before the Labor Board must be exhausted as a prerequisite to federal jurisdiction," *Grutka v. Barbour*, 549 F.2d 5, 7 (7th Cir.1977). *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). As plaintiff concedes, the unit clarification proceeding is still pending before the Regional Director, defendant Eisenberg. Eisenberg may yet decide that there is a need for an administrative hearing, prior to making a final determination. Eisenberg may also decide to dismiss the unit clarification petition without a hearing.

Assuming Eisenberg grants the AT & TC petition without holding a hearing, TCEU must use the established administrative procedure to obtain review of that action. Section 153(b), 29 U.S.C., provides that the National Labor Relations Board "...may review any action of a regional director delegated to him...." Eisenberg has been delegated authority to hear unit clarification petitions. *Id.* Therefore, TCEU would be able to obtain review from the NLRB of Eisenberg's decisions to grant the petition without a hearing if that action is eventually taken by Eisenberg. Following that exhaustion of its administrative remedies, TCEU may obtain review of the NLRB's order in a United States Court of Appeals. 29 U.S.C. § 160(f); 29 C.F.R. §§ 102.63, 102.67.

## CONCLUSION

TCEU has failed to exhaust its administrative remedies and accordingly, has failed to state a claim upon which relief may be granted. Plaintiff's motion for summary judgment is therefore denied and defendants' motion to dismiss is granted. The complaint filed by plaintiff is dismissed without prejudice for determination in the appropriate administrative proceeding.

IT IS SO ORDERED.