Glenn A. ZIPP, Regional Director of the Thirty–Third Region of the National Labor Relations Board and National Labor Relations Board, Plaintiffs–Cross–Defendants–Appellees,

v.

GESKE & SONS, INCORPORATED, Defendant–Cross–Plaintiff–Appellant,

v.

William B. GOULD, IV, individually, and as Chairman of the National Labor Relations Board, James M. Stephens, individually, and as a member of the National Labor Relations Board, Dennis M. Devaney, individually, and as a member of the National Labor Relations Board, et al., Cross–Defendants–Appellees.

No. 95–3272.

United States Court of Appeals, Seventh Circuit.

Argued April 15, 1996.

Decided Jan. 9, 1997.

Eric G. Moskowitz, Margery E. Lieber, D.C. Parker (argued), N.L.R.B., Washington, DC, Judith T. Poltz, N.L.R.B., Peoria, IL, Louis E. Sigman, Baum, Sigman, Auerbach, Pierson & Neuman, Chicago, IL, for plaintiffs–cross–defendants–appellees.

Michael K. Havrilesko, Havrilesko & Associates, Rockford, IL, Michael E. Avakian (argued), North Springfield, VA, Gerard C. Smetana, Law Offices of Gerard C. Smetana, Chicago, IL, for defendant–cross–plaintiff–appellant.

Before COFFEY, RIPPLE and DIANE P. WOOD, Circuit Judges.

RIPPLE, Circuit Judge.

This case is a companion case to *Geske & Sons, Inc. v. NLRB*, 103 F.3d 1366 (7th Cir.1997) *("Geske I")*. In this case, Geske & Sons, Inc. ("Geske") sought an injunction from the district court prohibiting the National Labor Relations Board ("NLRB" or "the Board") from pursuing unfair labor practice charges against Geske. The district court held that, under the National Labor

Relations Act, 29 U.S.C. § 151 *et seq.* ("NLRA" or "the Act"), it lacked subject matter jurisdiction to consider Geske's claims, and therefore dismissed them. Geske now appeals, and we affirm.

## I

## BACKGROUND

We shall assume the reader's familiarity with the facts and holding in *Geske I,* and repeat them here briefly only insofar as they are relevant to this appeal.

Geske is the only non-unionized asphalt manufacturer in the Chicago area. The International Union of Operating Engineers, Local 150 ("Local 150" or "the Union"), represents operating engineers in the construction industry in the Chicago area. In August 1991, Local 150 began to picket Geske's plant for recognition as the union representing Geske's operator workers. The Union's picket included signs that stated:

I.U.O.E. LOCAL 150

ON STRIKE

AGAINST

GESKE

FOR RECOGNITION AS MAJORITY BARGAINING

REPRESENTATIVE

OF COMPANY'S OPERATING ENGINEER EMPLOYEES

On September 5, 1991, Geske filed suit in Illinois state court contending that Local 150's picket signs libeled Geske. Geske claimed that the "On Strike" statement on the signs falsely implied that Geske's workers were on strike and refused to work. According to Geske, such a false representation constitutes a cause of action in Illinois for trade libel.

Geske sought from the Illinois trial court a preliminary injunction prohibiting Local 150 from further picketing with the allegedly defamatory signs. The trial court denied the injunction, and Geske took an interlocutory appeal. Geske moved for and received a stay of proceedings in the trial court until its interlocutory appeal was resolved.

Meanwhile, on September 19, Local 150 responded to Geske's state suit by filing an unfair labor practice charge with the NLRB. The charge claimed that, because Geske's state suit was baseless and filed with a retaliatory intent, Geske's prosecution of the suit constituted an unfair labor practice under section 8(a) of the Act, 29 U.S.C. § 158(a).[1] Local 150 filed a First Amended Charge on March 24, 1992, and the NLRB's General Counsel filed a complaint against Geske on March 30, 1992.

On April 1, 1992, Glenn Zipp, the Regional Director of the NLRB, sent letters to the Illinois trial and appellate courts in which Geske's suit and interlocutory appeal were pending. The letters explained that the state suit was the subject of an unfair labor practice complaint pending before the NLRB, and that Geske therefore could not pursue its case in state court until the NLRB resolved the federal labor law charges.

The Illinois appellate court then solicited position statements from the parties regarding the appropriateness of staying Geske's appeal. On May 19, 1992, the Illinois appellate court stayed its proceedings pending resolution of the charges before the NLRB. Geske moved for reconsideration, but the court denied Geske's motion. On September 14, however, the court lifted the stay.[2] On September 29, 1992, the Illinois appellate court affirmed the trial court's denial of Geske's motion for a preliminary injunction.[3] Geske then petitioned for rehearing before the Illinois appellate court, leave to appeal to the Illinois Supreme Court, and a writ of certiorari from the United States Supreme

---

**1.** Section 8(a)(1), 29 U.S.C. § 158(a)(1), insofar as it is relevant to this case, provides that it is an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of their rights [to self-organize or to join labor organizations]."

**2.** Although the record is not clear why the Illinois appellate court lifted the stay, it appears that the court believed that the NLRB case soon would be resolved.

**3.** *Geske & Sons v. International Union Local 150,* 236 Ill.App.3d 1110, 211 Ill.Dec. 428, 655 N.E.2d 331 (1992) (unpublished order).

Court. Each court denied Geske's petition.[4]

In the meantime, the NLRB held a hearing before an administrative law judge ("ALJ") on Local 150's unfair labor practice charge against Geske. On February 24, 1994, the ALJ issued her decision against Geske. She found that, under applicable Illinois law, Geske's suit against Local 150 was baseless. She found further that Geske filed its suit with a retaliatory motive. Accordingly, she recommended that the Board order Geske to cease and desist from prosecuting its state lawsuit.

Despite this adverse ruling, Geske continued to pursue its lawsuit against Local 150 in the Illinois courts. In July 1994, the Regional Director of the NLRB therefore petitioned the federal district court, pursuant to 29 U.S.C. § 160(j), to enjoin Geske from prosecuting its state lawsuit until the Board issued its final decision in the unfair labor practice proceedings.

In August 1994, Geske answered the Board's complaint and filed three counterclaims. The first counterclaim alleged that the Board interfered with Geske's First Amendment right to petition the state courts for redress of grievances. The second counterclaim alleged that the Board violated section 3(d) of the Act, 29 U.S.C. § 153(d), by unlawfully delegating to the General Counsel the authority to preempt state litigation based upon the General Counsel's issuance of an unfair labor practice complaint. According to Geske, the Board may preempt state court litigation only by issuing an order pursuant to section 10(c) of the Act, 29 U.S.C. § 160(c). Finally, Geske's third counterclaim alleged that the charges contained in the March 24 "First Amended Charge" were filed by the Regional Office of the NLRB rather than by Local 150. Geske submits that this action by the Board violates section 10(b) of the Act, 29 U.S.C. § 160(b).

Through its counterclaims, Geske sought declaratory and injunctive relief. In particular, Geske sought "a Declaratory Judgment that the Board is without jurisdiction to restrain a fairly pled state court lawsuit." Geske also sought an injunction ordering the Board "to vacate and set aside its wrongful administrative action purporting to deny [Geske] the right to file and litigate a lawsuit to redress libel [in Illinois state courts]."

On April 26, 1995, the Board issued its decision, in which it affirmed the ALJ's holdings and order. In light of this decision, on May 8 the Board voluntarily dismissed its petition for an injunction in the district court. Thus, the only issues that remained before the district court were Geske's counterclaims.

On July 21, 1995, the district court dismissed Geske's counterclaims for lack of subject matter jurisdiction. The district court held that it had no jurisdiction to enjoin an NLRB unfair labor practice proceeding and that Geske's proper avenue for judicial review was to petition this court for review of the Board's final decision. In that way, the district court held, "[a]ll of [Geske's] counterclaims may be presented to, and decided by, the court of appeals." This appeal from the district court's dismissal of Geske's counterclaims followed.

## II

### DISCUSSION

It is well settled that a district court has no jurisdiction to enjoin unfair labor practice hearings before the NLRB. 29 U.S.C. § 160(e), (f); *see Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 48, 58 S.Ct. 459, 462, 82 L.Ed. 638 (1938); *Vapor Blast Mfg. Co. v. Madden,* 280 F.2d 205, 208–09 (7th Cir.), *cert. denied,* 364 U.S. 910, 81 S.Ct. 273, 5 L.Ed.2d 225 (1960).[5] Generally, a

---

**4.** *Geske & Sons, Inc. v. International Union of Operating Eng'rs, Local 150,* 151 Ill.2d 563, 186 Ill.Dec. 380, 616 N.E.2d 333 (1993); *Geske & Sons, Inc. v. International Union of Operating Eng'rs, Local 150,* 510 U.S. 992, 114 S.Ct. 551, 126 L.Ed.2d 452 (1993).

**5.** Geske erroneously submits that *McCarthy v. Madigan,* 503 U.S. 140, 112 S.Ct. 1081, 117

L.Ed.2d 291 (1992), requires a district court to engage in a balancing test of the parties' interests to determine whether exhaustion of administrative remedies is required. Congress has expressly limited the federal jurisdiction to review only final orders of the NLRB; moreover, that jurisdiction is vested solely in the courts of appeals. 29 U.S.C. § 160(e), (f); *see Myers,* 303 U.S. at 48, 58 S.Ct. at 462. As *McCarthy* acknowledged,

party seeking to challenge NLRB proceedings must first exhaust its administrative remedies, and then may petition for review only before the court of appeals. Nevertheless, Geske submits that its first counterclaim falls into an exception to these usual requirements. According to Geske, the Board's attempt to enjoin its state lawsuit violates its First Amendment right to petition the state courts for redress of grievances and exceeds the Board's statutory authority. In such a situation, Geske contends, a federal district court has jurisdiction to hear its constitutional and statutory challenges to the Board's allegedly improper actions.

 It is true that there exists a narrow "statutory authority" exception to the usual jurisdictional requirement of exhaustion of administrative remedies. *See Leedom v. Kyne,* 358 U.S. 184, 188, 79 S.Ct. 180, 183–84, 3 L.Ed.2d 210 (1958); *Abercrombie v. Office of the Comptroller of the Currency,* 833 F.2d 672, 675 (7th Cir.1987). This exception allows a district court to enjoin agency action in cases in which the agency has exceeded a "plain and unambiguous statutory command or prohibition ... in circumstances where no adequate alternative judicial remedy exists." *Abercrombie,* 833 F.2d at 675. Similarly, a district court may enjoin agency action that amounts to a "plain violation" of a constitutional right. *Squillacote v. International Bhd. of Teamsters, Local 344,* 561 F.2d 31, 39

"[o]f 'paramount importance' to any exhaustion inquiry is congressional intent. Where Congress specifically mandates, exhaustion is required." 503 U.S. at 144, 112 S.Ct. at 1086 (citing *Patsy v. Board of Regents,* 457 U.S. 496, 502 & n. 4, 102 S.Ct. 2557, 2560–61 & n. 4, 73 L.Ed.2d 172 (1982) (noting that *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 48, 58 S.Ct. 459, 462, 82 L.Ed. 638 (1938), is a case holding that Congress has mandated exhaustion of administrative remedies in NLRB proceedings)). Accordingly, there is no merit to Geske's contention that the district court should have engaged in a balancing test before holding that exhaustion of NLRB remedies was required.

6. Geske incorrectly submits that Squillacote "accepted the constitutional basis for [a] challenge to agency action where the constitutional claim is not transparently frivolous." Appellant's Br. at 20. This is an erroneous reading of that case. In fact, Squillacote discussed and *rejected* the proposition that any constitutional claim that was not "transparently frivolous" conferred jurisdiction on the district court. 561 F.2d at 37–

(7th Cir.1977).[6] A plain violation is one in which a provision of a statute is unconstitutional on its face. *Grutka v. Barbour,* 549 F.2d 5, 8 (7th Cir.), *cert. denied,* 431 U.S. 908, 97 S.Ct. 1706, 52 L.Ed.2d 394 (1977).

 The Board's actions in this case were neither violative of a "plain and unambiguous statutory command or prohibition" nor plainly unconstitutional. Section 10(a) of the Act, 29 U.S.C. § 160(a), grants authority to the Board to "prevent any person from engaging in any unfair labor practice ... affecting commerce." In *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 744, 103 S.Ct. 2161, 2170–71, 76 L.Ed.2d 277 (1983), the Supreme Court held that "it is an enjoinable unfair labor practice to prosecute a baseless lawsuit" filed for retaliatory reasons. Thus, the Board clearly has the statutory authority to enjoin a baseless state lawsuit as an unfair labor practice. Moreover, it is not plainly unconstitutional to enjoin the prosecution of a baseless lawsuit. In *Bill Johnson's,* the Supreme Court further held that, if a lawsuit is baseless, it enjoys no First Amendment protection, and the Board may enjoin its prosecution without offending the Constitution. *Id.* at 743, 103 S.Ct. at 2170. Thus, neither section 10(a) of the Act, 29 U.S.C. § 160(a), nor the Board's application of that section to enjoin baseless lawsuits is unconstitutional on its face.[7] Accordingly, the dis-

39. Instead, Squillacote "conclude[d] ... that the narrow exception [to the exhaustion requirement] created in *Leedom v. Kyne* [358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958)] applies only to a plain violation of [a] right, even when the right is based on the Constitution rather than [on a] statute." *Id.* at 39.

7. Nor does the district court have jurisdiction to hear Geske's claim that the Board violated its First Amendment rights based on Geske's assertion that its state lawsuit is not baseless. Even if the Board incorrectly determined that Geske's lawsuit is baseless, that error would not amount to a "plain violation" of the Constitution so as to confer jurisdiction on the district court. *See Boire v. Greyhound Corp.,* 376 U.S. 473, 481, 84 S.Ct. 894, 899, 11 L.Ed.2d 849 (1964) ("The *Kyne* exception is a narrow one, not to be extended to permit plenary district court review of Board orders ... whenever ... an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law. Judicial review in such a

**1384**

trict court correctly held that it lacked jurisdiction to hear Geske's first counterclaim.

■ Finally, the district court properly determined that it lacked jurisdiction to entertain Geske's second and third counterclaims. Neither counterclaim alleged a plain constitutional violation, nor did either counterclaim allege that the NLRB violated a "plain and unambiguous statutory command or prohibition." Rather, both counterclaims require for their resolution the interpretation of various provisions of the Act. Under these circumstances, Geske's only route to challenge the Board's allegedly unlawful actions was to exhaust its administrative procedures before the Board and then to petition this court for review of the Board's final order, rather than to petition the district court to enjoin the Board's unfair labor practice hearings. See 29 U.S.C. § 160(e), (f).

### Conclusion

For the foregoing reasons, the district court correctly concluded that it lacked subject matter jurisdiction to entertain Geske's counterclaims. Accordingly, the order of the district court dismissing Geske's counterclaims is affirmed.

Affirmed

situation has been limited by Congress to the courts of appeal...."); *Grutka,* 549 F.2d at 8

