**CHICAGO AUTOMOBILE TRADE ASSO-CIATION, et al., Plaintiffs-Appellees,**

v.

**Ross M. MADDEN, Regional Director, Thirteenth Region, National Labor Relations Board, et al., Defendants-Appellants.**

No. 14263.

United States Court of Appeals
Seventh Circuit.

Feb. 18, 1964.

Rehearing Denied March 31, 1964.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Solomon I. Hirsch, Atty., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Glen M. Bendixsen, Atty., N. L. R. B., for defendants-appellants.

Frederick W. Turner, Jr., Chicago, Ill., Karl W. Grabemann, Chicago, Ill., for plaintiffs-appellees.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

The defendants-appellants, Ross M. Madden, the Regional Director of the Thirteenth Region of the National Labor Relations Board, et al.[1] prosecute this appeal from an order of the District Court enjoining and restraining the National Labor Relations Board, its officers, employees and agents from conducting a hearing *de novo* in consolidated unfair labor practice cases pending against plaintiffs-appellees and directing the Board and George Bokat, the Board's Chief Trial Examiner, to reassign trial examiner Arthur Reyman to re-open the hearings, which he had recessed *sine die,* to complete the same and to prepare and issue his Intermediate Report therein within one year.

Plaintiffs-appellees, Chicago Automobile Trade Association, and seven of the association's corporate automobile-dealer members,[2] instituted this action in the District Court against the defendants. Plaintiffs' complaint alleged, among other things, that after extensive hearings had before trial examiner Arthur Reyman, and with the Association's motion to dismiss the complaint against it still pending, Reyman adjourned the consolidated hearing *sine die* on December 12, 1962, and that defendant George Bokat notified the plaintiffs the hearing would commence *de novo* on January 15, 1963 (later changed to January 22, 1963) before a newly designated trial examiner to be named by Bokat. The complaint charged, in substance, that Reyman's disqualification of himself and withdrawal from the hearing of the consolidated cases "for reasons concerning my personal health" are unauthorized, that Reyman is not "unavailable"[3] within the meaning of Section 5(c) of the Administrative Procedure Act (5 U.S.C.A. §

---

1. The additional defendants-appellants are George Bokat, the Chief Trial Examiner of the Board; an unnamed trial examiner designee of the Board; Lawrence D. Ehrlich, Robert L. McCabe and Robert P. Henderson, attorneys for the Board, who are assigned to the prosecution of complaints pending before the Board, consolidated for the purposes of hearing, charging plaintiffs with unfair labor practices.

2. Elmwood Ford Motors, Inc.; Oak Park Motors, Inc.; Caley Brothers, Inc.; Superior Motor Sales, Inc.; Fencl-Bogan Chevrolet, Inc.; Kole Pontiac, Inc., and Grill-Sadler Lincoln-Mercury, Inc.

3. An affidavit filed in support of the complaint states, on information and belief, that Reyman has since been assigned to and has heard three other cases. Section 5(c) of the Administrative Procedure Act (5 U.S.C.A. § 1004(c)) provides that the same officer who presides at the reception of the evidence shall make the recommended or initial decision except where such officer becomes "unavailable to the agency".

1004(c)) and that the order to proceed *de novo:*

" * * * violates Section 11 [12] of the Administrative Procedure Act (5 U.S.C.A. 1011) in that it violates the constitutional rights of plaintiffs to due process of law as guaranteed by Article V of the Constitution of the United States. Specifically, the order of the defendant George Bokat has the effect of affording the Board the opportunity to retry all issues against the plaintiffs, to adduce additional evidence against plaintiffs in the face of a record which shows that the Board examined seven of plaintiffs' witnesses as adverse witnesses under Rule 43(b) of the Federal Rules of Civil Procedure, and thereby disclosed to the Board all of the plaintiffs' defenses."

The defendants moved to dismiss the complaint on the grounds that the District Court was without jurisdiction over the subject matter of the action and that the complaint failed to state a claim upon which relief could be granted; in the alternative, defendants moved for summary judgment in their favor, presenting attached exhibits and affidavits in support of the motion.[4] The District Court denied defendants' motions and entered the order from which defendants appeal.

■ Our conclusion that the District Court lacked jurisdiction of the subject matter (Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82

L.Ed. 638; Vapor Blast Manufacturing Company v. Madden, 7 Cir., 280 F.2d 205, 208–209) makes it unnecessary that we consider or discuss the merits of the contentions advanced by plaintiffs, or the conclusions of the District Court, with respect to the withdrawal of Reyman and the rescheduling of the consolidated cases for *de novo* [5] hearing before another examiner.

■ We perceive nothing in the record before us which removes this case from the application of the doctrine expressed in Myers and applied by this Court in Vapor Blast. All of the issues raised by plaintiffs' complaint, including their assertion of denial of procedural due process, can be raised on review if the Board's ultimate disposition of the cases is adverse to any of the plaintiffs. The Board's decision and its order are subject to review before the Board's order can be enforced. Section 10(e) and (f) of the National Labor Relations Act affords an exclusive and adequate review procedure which precludes exercise of equitable intervention by the District Court at this stage of the administrative proceeding.

■ The holding in Myers that the Act provides an exclusive and adequate review procedure is an important facet of the broader doctrine requiring exhaustion of administrative remedies. As Mr. Justice Brandeis stated in Myers (303 U.S. at 50–51, 58 S.Ct. at 463, 82 L.Ed. 638) the assertion of district court jurisdiction to interfere with and enjoin

4. An affidavit by Chief Trial Examiner Bokat states that in assignments made to Reyman subsequent to his withdrawal from the consolidated hearing "I have sought to select cases which will not be long and factually complex, and which do not appear to have the potential for generating tension or a 'charged atmosphere' among the participants."

5. A defendants' exhibit, a letter from Bokat to plaintiffs' counsel states, in part, "I had assumed for example, that because of the credibility problems you stated were involved, that a hearing before a

new Trial Examiner would have to be *de novo* and is what you desired. * * * I certainly did not intend to suggest to you and the other parties in my letter of January 7, 1963, wherein it was clarified beyond doubt that Mr. Reyman was withdrawing as the Trial Examiner, that the parties of necessity would have to begin again from scratch. I am sure that this is something that can be explored by the Trial Examiner and resolved with the cooperation of the parties at the opening of the hearing on January 22, 1963."

unfair labor practice proceedings before the issuance of a final Board order "is at war with the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."

In Vapor Blast we pointed out (280 F.2d 205 at 209) that:

" * * * [M]erely raising a constitutional issue [as to Board procedures] in its complaint for declaratory judgment, when full appellate review of the administrative proceedings is available and in the absence of any extenuating circumstances, is insufficient to give the district court jurisdiction over the subject matter in the face of the well-established doctrine of exhaustion of administrative remedies."

▆ An allegation of unconstitutional harm is insufficient to warrant equitable intervention where pursuit of administrative remedies might ultimately render judicial disposition of such issues unnecessary. In an analogous situation in Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 772, 67 S.Ct. 1493, 1503, 91 L.Ed. 1796 it was observed that:

" * * * the very fact that constitutional issues are put forward constitutes a strong reason for not allowing this suit either to anticipate or to take the place of the Tax Court's final performance of its function. When that has been done, it is possible that nothing will be left of appellant's claim."

And, the principle which requires administrative finality as a prerequisite to judicial review has particular force where, as here, the interlocutory order sought to be reviewed relates to the agency's case-handling procedures. United Air Lines, Inc. v. Civil Aeronautics Board, 97 U.S.App.D.C. 42, 228 F.2d 13.

▆ Nor does the record before us disclose the existence of any "extenuating circumstances" which warrant departure from the well-established principle applied in the cases above cited. No factor such as that which existed in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, relied upon by plaintiffs, is present here. The basis for the exception formulated in Kyne was that the party adversely affected by the Board's action could not secure ultimate judicial review thereof under the Act's review provisions. Kyne involved a representation determination not of itself subject to review. The Supreme Court pointed out (358 U.S. 184 at 190, 79 S.Ct. 180 at 184–185, 3 L.Ed.2d 210) that in the absence of federal district court jurisdiction the employees involved had no other means within their control to protect and enforce the right Congress had given them. No such situation obtains in the instant case—nor any comparable factor. Kyne merely establishes a limited exception to the general rule excluding district court jurisdiction.[6]

Deering-Milliken, Inc. v. Johnston, 4 Cir., 295 F.2d 856, also relied upon by plaintiffs, is not apposite here. There the employer brought suit under Section 10(e) of the Administrative Procedure Act (5 U.S.C.A. § 1009(e)) to "compel agency action * * * unreasonably delayed." The holding is expressly rested on the factor that unreasonable delay by its very nature constitutes "final" administrative action for which Section

6. Cf. McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, pp. 16–17, 83 S.Ct. 671, pp. 674–675, 9 L.Ed.2d 547, where the limited scope of Kyne was recognized and the Court cautioned that its action was "not to be taken as an enlargement of the exception in Kyne". See also: Eastern Greyhound Lines v. Fusco, 6 Cir., 323 F.2d 477, 479, holding that unless an employer can bring itself within the limited exceptions of Kyne its challenge to a Board's election or certification orders can be made only when enforcement or review is sought. The Court refused to follow Boire v. Greyhound Corporation, 5 Cir., 309 F.2d 397 (affirming, per curiam, 205 F.Supp. 686) certiorari granted 372 U.S. 964, 83 S.Ct. 1090, 10 L.Ed.2d 128.

10(f) of the National Labor Relations Act affords no redress by judicial review. In the instant case, plaintiffs' complaint neither charges unreasonable delay nor alleges facts from which an inference of unreasonable delay attributable to the Board can be drawn.

The judgment order of the District Court is reversed.

Reversed.