**AMERICAN AUTOMOBILE ASSOCIATION, Plaintiff,**

v.

**George SQUILLACOTE, Regional Director of the Thirtieth Region of the National Labor Relations Board, Defendant.**

**No. 70-C-58.**

United States District Court,
E. D. Wisconsin.

April 1, 1970.

Lederer, Fox & Grove, Chicago, Ill., M. E. Ropella, Ropella & Parent, Milwaukee, Wis., for plaintiff.

Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, Washington, D. C., by William C. Humphrey, Regional Atty., Region 30, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff seeks declaratory and injunctive relief from the operation of 29 U.S.C. Sec. 159(c) (1), which it contends violates the requirements of procedural due process under the Fifth Amendment to the United States Constitution. It also asks for the convening of a three-judge district court pursuant to Chapter 155 of Title 28, United States Code.

At a hearing on February 5, 1970, the court orally denied the plaintiff's motion for a temporary restraining order. In the present opinion, the court will consider the plaintiff's motions for a preliminary injunction and the convening of a three-judge district court and the defendant's motion to dismiss. The parties have stipulated to certain facts.

Title 29, United States Code, Sec. 159 (c) (1) provides in relevant part:

"* * * the Board shall investigate such petition [for representation] and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. Such hearing may be conducted by an officer or employee of the regional office, *who shall not make any recommendations with respect thereto.* If the Board finds upon the record of such hearing that such a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof." (Emphasis added)

During January, 1970, Local 9 of the Office and Professional Employees Union, AFL–CIO, filed a petition for certification pursuant to Sec. 159 with Region 30, National Labor Relations Board. In its petition, the union sought certification as the bargaining representative of a group of persons employed by the plaintiff in two Milwaukee offices.

On February 6, 1970, a representation hearing was commenced pursuant to Sec. 159(c). The parties have stipulated that:

"Under Section 9(c) of the Act, the hearing officer is expressly prohibited from making any recommendation concerning the proceedings before him and, accordingly, upon the transfer of the case, the Board would render its decision without access to or benefit of such recommendations or observations of demeanor of the witnesses by the hearing officer."

They have also stipulated as follows: "[U]nder long established Board procedures, matters which are raised or could have been raised in a pre-election representation hearing may not be relitigated by the parties in post-election representation proceedings or in a subsequent and related unfair labor practice case; that, accordingly, in such subsequent proceedings, the parties will be permitted to introduce *de novo*, before a post-election hearing officer or a trial examiner who is authorized to make credibility resolutions on the basis of demeanor, only that evidence which is newly discovered or previously unavailable; and that, under Section 9(d) of the Act, upon appeal of the Board's order in a related unfair labor practice case, the court of appeals will review all issues raised on the records of both the representation and unfair labor practice cases."

The plaintiff contends that a procedure which permits the board to issue orders without the benefit of the hearing examiner's conclusions as to the demeanor of witnesses deprives the plaintiff of its property without due process of law under the Fifth Amendment. The parties are agreed that the plaintiff has raised and preserved his objection to this procedure in the representation hearing.

The defendant asks that the case be dismissed because, among other reasons, this court lacks jurisdiction over the subject matter. In my opinion, the defendant's position on the latter issue is correct, and the case must be dismissed. For that reason, I do not reach the merits of the plaintiff's contentions.

■ Generally, board orders in certification proceedings which are unsatisfactory to an employer are reviewable only in a court of appeals following certification of a union and the employer's subsequent refusal to bargain. In Leedom v. Kyne, 358 U.S. 184, 187, 79 S.Ct. 180, 183, 3 L.Ed.2d 210 (1958), the Supreme Court observed:

"In American Federation of Labor v. Labor Board, 308 U.S. 401, 60 S.Ct. 300, 303, 84 L.Ed. 347, this Court held that a Board order in certification proceedings under § 9 is not 'a final order' and therefore is not subject to judicial review except as it may be drawn in question by a petition for enforcement or review of an order, made under § 10(c) of the Act, restraining an unfair labor practice."

This general rule against direct review of orders under Sec. 9, 29 U.S.C. Sec. 159, is consistent with the legislative history of the Wagner Act and its amendments. Boire v. Greyhound, 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); Leedom v. Kyne, supra, dissenting opinion.

Nevertheless, the Supreme Court has recognized exceptions to this rule in two cases, "each characterized by extraordinary circumstances", where the Court has permitted district courts to review orders entered in certification proceedings. See *Greyhound*, supra, 376 U.S. 479–480, 84 S.Ct. 898. In the present case, the plaintiff relies upon a third exception stated in Fay v. Douds, 172 F.2d 720, 723 (2d Cir. 1949). There, it was held that a district court may review an order entered in a certification proceeding when the plaintiff alleges a denial of a constitutional right which is "not transparently frivolous."

Recently, the continued authority and wisdom of the Fay v. Douds exception has been questioned. See cases cited in Herald Company v. Vincent, 392 F.2d 354, 359–360 (2d Cir. 1968). However, I need not resolve such criticism here since I find that Fay v. Douds is not apposite to the present case. In Vapor Blast Manufacturing Company v. Madden, 280 F.2d 205, 209 n. 8 (7th Cir. 1960), the court pointed out:

"A district court had jurisdiction to review a certification proceeding where it was alleged that the lack of a hearing unconstitutionally deprived

the incumbent union of property rights. *There, rights of judicial review were not directly available.* Fay v. Douds, 2 Cir. 1949, 172 F.2d 720, 723. Cf. Fitzgerald v. Douds, 2 Cir., 1948, 167 F.2d 714." (Emphasis added)

Accord, Boire v. Miami Herald Publishing Company, 343 F.2d 17, 21 n. 7 (5th Cir. 1965). Cf. Leedom v. Kyne, 249 F.2d 490, 492 (D.C. Cir. 1957), affirmed 358 U.S. 184, 79 S.Ct. 180 (1958); Chicago Automobile Trade Association v. Madden, 328 F.2d 766, 769 (7th Cir. 1964).

In the present case, the allegedly unconstitutional procedure may be challenged on review in the court of appeals following board certification of a union and the employer's subsequent refusal to bargain. Both the House and Senate reports concerning Sec. 9(d), 29 U.S.C. Sec. 159(d), which are quoted in *Greyhound Corp.,* supra, 376 U.S. 478 n. 5 and 479 n. 6, 84 S.Ct. 894 make this clear. In the S.Rep. No. 573, 74th Cong., 1st Sess., 14, it is stated:

"But if subsequently the Board makes an order predicated upon the election, such as an order to bargain collectively with elected representatives, then the entire election procedure becomes part of the record upon which the order of the Board is based, and is fully reviewable by any aggrieved party in the Federal courts in the manner provided in section 10. And this review would include within its scope the action of the Board in determining the appropriate unit for purposes of the election. This provides a complete guarantee against arbitrary action by the Board."

In *Vapor Blast,* the seventh circuit pointed out at 280 F.2d 205, 209:

" * * * [M]erely raising a constitutional issue [as to Board procedures] in its complaint for declaratory judgment, when full appellate review of the administrative proceedings is available and in the absence of any extenuating circumstances, is insuffi-

cient to give the district court jurisdiction over the subject matter in the face of the well-established doctrine of exhaustion of administrative remedies."

Accord, Storkline Corporation v. N.L.R.B., 298 F.2d 276, 277 (5th Cir. 1962). In Chicago Automobile Trade Association v. Madden, 328 F.2d 766, 769 (7th Cir. 1964), the court found no extenuating circumstances. The court differentiated that case from the situation where the plaintiff had no way to obtain review:

"The basis for the exception formulated in [Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210] was that the party adversely affected by the Board's action could not secure ultimate judicial review thereof under the Act's review provisions. * * * No such situation obtains in the instant case * * *."

The want of means for judicial review in Fay v. Douds distinguishes that case from the situation at bar. The instant case is controlled by *Vapor Blast.*

■ Neither the normal expense of securing review of the board's order in the court of appeals, nor a likelihood of winning are sufficient to provide extenuating circumstances which would permit an action in the district court. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51–52, 58 S.Ct. 459, 82 L.Ed. 638 (1938). Nor does the normal delay attendant upon such procedure supply grounds for district court jurisdiction. In Boire v. Greyhound Corp., 376 U.S. 473, 477–478, 84 S.Ct. 894, 897 (1964), the Supreme Court said:

"That this indirect method of obtaining judicial review imposes significant delays upon attempts to challenge the validity of Board orders in certification proceedings is obvious. But it is equally obvious that Congress explicitly intended to impose precisely such delays."

An additional reason for dismissing the present case was cited in Aircraft & Diesel Equipment Corp. v. Hirsch,

331 U.S. 752, 772, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947), and relied upon by the court in Chicago Automobile Trade Association, supra, 328 F.2d at page 769:

" * * * the very fact that constitutional issues are put forward constitutes a strong reason for not allowing this suit either to anticipate or to take the place of the Tax Court's final performance of its function. When that has been done, it is possible that nothing will be left of appellant's claim."

In the present case, there is no certainty as yet that the board will disbelieve the plaintiff's witnesses, that it will order an election, or that the plaintiff will be dissatisfied with the results of the election.

From the foregoing, it follows that the motion to dismiss must be granted and the amended complaint must be dismissed.

Now, therefore, it is ordered that the defendant's motion to dismiss be and hereby is granted.

It is further ordered that this action be and hereby is dismissed.