**CENTRA, INC., Central Cartage Company, Central Transport, Inc., CC Eastern, Inc.**

v.

**Peter W. HIRSCH, Regional Director Region Four, National Labor Relations Board and National Labor Relations Board.**

**Civ. A. No. 85–1661.**

United States District Court, E.D. Pennsylvania.

April 11, 1985.

---

David E. Rosenbaum, Philadelphia, Pa., for petitioners.

Arleen A. Armstrong, N.L.R.B., Washington, D.C., Leonard Leventhal, Philadelphia, Pa., for respondents.

## MEMORANDUM OF DECISION

SHAPIRO, District Judge.

Petitioners, Centra, Inc., Central Cartage Company, Central Transport, Inc., and CC Eastern, Inc. ("Centra"), sought injunctive relief to compel respondents Peter Hirsch and the National Labor Relations Board ("NLRB") to postpone the date of an unfair labor practice hearing before an Administrative Law Judge in Case No. 4–CA–14701, now pending before the NLRB, Region Four, from April 15, 1985 to any date after June 1, 1985 and to desist from filing, threatening to file or prosecuting a preliminary injunction under Section 10(j) of the National Labor Relations Act ("NLRA"). Jurisdiction was invoked under 28 U.S.C. § 1331, 29 U.S.C. § 141 *et seq.*, the NLRA and under 28 U.S.C. § 1361, the Mandamus Act.

Following a hearing on April 1, 1985, for reasons stated from the bench, the court denied petitioners preliminary injunctive relief and dismissed their complaint in mandamus for lack of jurisdiction. This Memorandum is a further articulation of the reasons stated from the bench as the court's findings of fact and conclusions of law.

On November 7, 1984, Highway Truck Drivers and Helpers Local Union No. 107 ("Local 107") filed an unfair labor practice charge with the NLRB, Region Four, against petitioner Central Cartage Compa-

ny for discrimination against its employees in changing its form of operation from company-employed drivers to owner/operators in violation of §§ 8(a)(1) and 8(a)(3) of the NLRA. On November 9, 1984, Local 107 amended its charge by adding an allegation that petitioner had refused to bargain with the union in violation of § 8(a)(5) of the NLRA. On November 15, 1984, Board Agent Joan F. Homer advised counsel for petitioner Central Cartage Company that the NLRB was considering seeking temporary relief under Section 10(j) of the NLRA pending the outcome of the unfair labor practice hearing.

On February 22, 1985, counsel for the NLRB issued a complaint charging unfair labor practices against petitioners Central Cartage Company, Central Transport, Inc. and CC Eastern, Inc. The complaint alleged that all four petitioners constituted a "single employer" and that CC Eastern, Inc. was an "alter ego" of petitioner Central Cartage Company. A hearing was scheduled for March 18, 1985. On February 25, 1985, petitioners claimed that they were unable to prepare adequately for that hearing. Because of (a) the inability of counsel to investigate and prepare a defense with respect to allegations concerning the "single employer" and "alter ego" issues in time to try the case on March 18, 1985; (b) the inability of counsel to prepare adequately a defense with respect to a nationwide program of converting employees to independent owners; and (c) the unavailability of counsel during the first three weeks of March, petitioners requested that the hearing not be held before June 1, 1985.

On February 28, 1985, counsel claimed as an additional ground for postponing the hearing date that the unavailability of critical witnesses and officers of the petitioners (who were participating in collective bargaining negotiations with the International Brotherhood of Teamsters concerning the National Master Freight Agreement) impeded their preparation of an answer. On March 5, 1985 the NLRB rescheduled the hearing from March 18, 1985 to April 15, 1985. Petitioners then filed with the Executive Secretary of the NLRB a request for permission to appeal the Regional Director's ruling; the request was denied on March 27, 1985. On March 24, 1985, the Board filed a petition under Section 10(j) of the NLRA in the district in which the alleged unfair labor practices occurred, the United States District Court for the District of New Jersey, to obtain a temporary order directing the abolition of a discriminatorily-motivated independent contractor system and the reinstatement of drivers as employees pending the outcome of the unfair labor practice hearing. Centra filed the instant action on March 27, 1985. On April 1, 1985, respondents filed a motion to dismiss the complaint for lack of jurisdiction.

Centra's complaint in mandamus claims that the NLRB's failure to grant petitioners postponement of the hearing date until June 1, 1985 or thereafter denies them their constitutional right to due process of law. They also claim that the NLRB retaliated against them in seeking injunctive relief pending the hearing. They request that this court direct the NLRB to order the hearing postponed until after June 1, 1985 and that it direct the NLRB to cease and desist from filing a preliminary injunction under Section 10(j) of the NLRA.

## JURISDICTION

Before reviewing the merits of petitioners' motion for a temporary restraining order, this court must first determine whether it has jurisdiction. When the jurisdiction of a federal court is questioned, the court has power to determine the jurisdictional issue. *United States v. United Mine Workers,* 330 U.S. 238, 67 S.Ct. 742, 91 L.Ed. 868 (1947). Petitioners allege several bases for jurisdiction. They claim that because their due process rights have been violated under the Constitution of the United States, this court has jurisdiction under 28 U.S.C. § 1331. However, by statutory design, Congress has vested exclusive review of final NLRB orders with the courts of appeals. Furthermore, 28 U.S.C.

§ 1331(a) does not authorize a district court to intervene in administrative proceedings whenever an issue is raised which bears on the Constitution. Instead, a party to an administrative proceeding is precluded from seeking judicial review until the party has exhausted administrative remedies. *See McKart v. United States*, 395 U.S. 185, 193–94, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969). Where Congress has determined that an agency possesses certain exclusive powers, a court is obliged to respect the autonomy of the agency and its discretion within the bounds established by Congress. The courts must refrain from premature interference in the administrative process. Petitioners in this case seek to have the court interfere with the administrative process prior to the unfair labor practice hearing and statutorily provided appeal procedures. This court cannot exercise jurisdiction under 28 U.S.C. § 1331(a) in these circumstances.

■■■ Centra further contends that jurisdiction lies under 29 U.S.C. § 141 *et seq.*, the National Labor Relations Act. However, Section 10(f) of the NLRA specifically provides that a person aggrieved by a final order of the Board may obtain a review of such an order in a court of appeals. As stated by the Supreme Court in *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), direct review in the court of appeals is the *exclusive* means of judicial review and such review is available in the court of appeals only after the Board has issued a final order. The Court held that the federal district courts are without jurisdiction to enjoin or restrain the NLRB or its agents during the course of an unfair labor practice proceeding. 303 U.S. at 48, 58 S.Ct. at 462. Even an "allegation of unconstitutional harm is insufficient to warrant equitable intervention [by a district court] where pursuit of administrative remedies might ultimately render judicial disposition of such issues unnecessary." *Chicago Automobile Trade Association v. Madden*, 328 F.2d 766, 769 (7th Cir.1964). Thus, this court does not have jurisdiction to enjoin the Board under the NLRA.

Finally, Centra asserts the Mandamus Act, 28 U.S.C. § 1361 as the basis for jurisdiction. Title 28 U.S.C. § 1361 provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

■■ In order for jurisdiction to lie in mandamus, a plaintiff must allege that the defendant owes a clear, ministerial and non-discretionary duty. "[A]n act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir. 1972), *rev'd on other grounds*, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974). *See also Mattern v. Weinberger*, 519 F.2d 150, 156 (3d Cir.1975). "Constitutional obligations as well as statutory duties are included within the perimeters of 28 U.S.C. § 1361." *Holmes v. United States Board of Parole*, 541 F.2d 1243, 1249 (7th Cir. 1976). Centra contends that the NLRB owes a duty to provide due process and that this duty was violated by the NLRB's failure to postpone the date of the unfair labor practice hearing until after June 1, 1985. In order for Centra to prevail, the NLRB must have been required by the Constitution to change the date of a hearing. The court would have to find that holding the hearing on April 15th is a clear violation of due process of law guaranteed by the Constitution.

In *Mattern v. Weinberger*, 519 F.2d 150 (3d Cir.1975), the Third Circuit held that in certain instances where the due process clause imposes an obligation on an officer to provide a hearing, or perform some other act, the court has jurisdiction to consider the merits of the claim under the Mandamus Act. However, the court cautioned that such jurisdiction lies only when a plaintiff alleges a clear constitutional duty and only when the duty involves no element of discretion or judgment. 519 F.2d at 156.

■ This is clearly not such a case. The regulations issued pursuant to the NLRA provide for a hearing that may be fixed in the discretion of the Board at any time not less than ten days after service of the complaint. 29 C.F.R. § 102.15. The Regional Director may extend the date of a hearing at the request of the parties, but such a decision is discretionary. 29 C.F.R. § 102.16. So that even if a duty to provide a hearing is constitutionally required, *see Mattern*, there is no correlative duty to hold the hearing at the convenience of the petitioner. Failure to delay a hearing cannot be equated with failure to hold a hearing and does not rise to the level of a constitutional violation on the record before this court.

Where a discretionary act such as setting a hearing date is involved, a court may exercise its power to issue a mandamus only when official conduct has gone far beyond any rational exercise of discretion. *See, e.g., Miller v. Ackerman*, 488 F.2d 920 (8th Cir.1973). In this instance, the NLRB's action cannot be characterized as arbitrary or capricious; it can only be characterized as reasonable. Time is often a critical factor in labor disputes, especially in a case where the Board seeks preliminary injunctive relief. The April 15th hearing date, two months after the Board filed its complaint, provided more than enough time to prepare a defense. Furthermore, a one-month extension has already been granted. Although the extension was not as long as Centra requested, courts and hearing officers often are unable to grant extensions requested by parties. Counsel often ask for extensions to prepare for hearing or trial that the court or hearing officer deem unreasonable and refuse; denial of a request for continuance is rarely reversible error. On the record before the court, the Regional Director's grant of a one-month rather than a three-month extension was not arbitrary and capricious and did not violate the Constitution.

A further requirement for the exercise of mandamus jurisdiction by a district court is that the petitioner exhaust any other available remedies. *See Richardson*, 465 F.2d at 849. Here, it is obvious that administrative remedies have not been exhausted. Centra has sought relief before a hearing has even taken place. The Board may find at the hearing that there has been an inadequate opportunity to present a full record and grant a further continuance or find no unfair labor practice on the record presented. Even if the Board finds an unfair labor practice, there is a clear avenue of appeal. Certainly, an adequate opportunity to assert any alleged constitutional violation exists by means of full appellate review of the final order of the Board.

Mandamus may not be used as a substitute for the appeal procedure prescribed by statute. Because Centra has not exhausted administrative remedies and has not sought judicial review through the means prescribed by the NLRA, this court has no jurisdiction under the Mandamus Act. Centra's complaint must be dismissed for lack of jurisdiction.

### THE MERITS

■ Even if this court were of the view that it had jurisdiction of this matter, Centra would have to establish a substantial likelihood of success on the merits to obtain injunctive relief. On the record before this court, Centra has failed to demonstrate such likelihood of success. A hearing date set two months after the filing of an unfair labor practice charge affords counsel more than enough time to prepare adequately for a hearing. Counsel for Centra, David Rosenbaum, Esquire, stated in a letter dated February 25, 1985 requesting a postponement of the hearing date, that both he and his co-counsel Allan Dabrow, Esquire were committed for substantial periods of time in March and April, 1985. However, at the hearing held on April 1, 1985, Mr. Rosenbaum did not state that he would be unavailable to prepare for the hearing. Rosenbaum did reassert the averments of his affidavit that his co-counsel Allan Dabrow would not be available because of preparations for a civil trial in the Eastern District of Pennsylvania and an oral argu-

ment in the District of Wyoming. However, counsel for Centra provided no evidentiary substantiation of these facts and Mr. Rosenbaum had neither personal nor specific knowledge of the time demands of these cases. If counsel has such inadequate time to prepare for the NLRB hearing, one must wonder why this limited time was diverted to a time-consuming effort for relief rarely granted.

Counsel have also contended that the primary witnesses and officers of Centra would be unavailable because of their participation in collective bargaining negotiations for a National Master Freight Agreement with the International Brotherhood of Teamsters. Although an agreement was reached immediately after petitioners filed this motion, counsel for Centra stated that their witnesses would nevertheless be unavailable because of key officer involvement in follow-up negotiations. No witnesses so stated under oath. The court is not persuaded on the record before it that no officers with knowledge of these unfair labor practice charges would be available to assist counsel in the time remaining prior to the scheduled hearing date. The reasons provided by counsel for their alleged inadequacy to prepare for this hearing have not been adequately substantiated.

In addition to seeking a postponement of the hearing date, Centra requests this court to direct the NLRB to cease and desist from filing or threatening to retaliate for Centra's exercise of their due process rights by filing for temporary injunctive relief under Section 10(j) of the Act. Centra presented no evidence that the NLRB seeks injunctive relief only in retaliation. Even if there were such evidence, there is no reason to believe that the District Court in New Jersey, where the proceeding is now pending will not consider such a defense to the Board's requested injunctive relief. The hearing that will be afforded in the New Jersey District Court is fully adequate and an exclusive remedy in the circumstances. If Centra is subsequently aggrieved by the district court's grant of injunctive relief, an appeal may be taken to the United States Court of Appeals. This court finds no reason to enjoin the NLRB from exercising its statutory authority to proceed in another district court.

The flimsiness of the reasons offered by counsel for their inability to prepare for the hearing scheduled by the NLRB coupled with the obvious lack of merit in the claim for mandamus and injunctive relief convinces the court that this action has been filed to harass the NLRB and achieve delay not otherwise obtainable rather than to assert a constitutional claim in good faith. Therefore, Centra's motion for a temporary restraining order is denied and the complaint is dismissed for lack of jurisdiction.

The court's view that Centra has attempted to harass the NLRB by this motion is confirmed by the nature of the subpoenas *duces tecum* served upon the Board's Director for Region Four, Peter Hirsch and upon the Custodian of Records. The subpoena addressed to Director Hirsch requires him to testify on behalf of Centra at a hearing on this mandamus action and to bring with him, *inter alia,* the following documents: 1) each and every unfair labor practice complaint issued by Region Four of the NLRB during the twelve-month period preceding February 20, 1985 and any and all extensions or postponements of the hearing date set forth in each and every such unfair labor practice; 2) each and every memorandum, note page, handwritten note, telephone slip and other document which relates to Centra's request for a postponement of the hearing date or to the request by the Board for authorization to seek relief under Section 10(j) of the NLRA. This demand for documents is extremely broad and burdensome; however, the disposition of this case renders moot the NLRB's motion to quash.

Consideration of respondents' request for attorneys' fees under Rule 11 (or in the alternative under 28 U.S.C. § 1927) is deferred to allow petitioners the maximum time to prepare for the unfair labor practice hearing scheduled to begin on April 15.