**Honorable Jesus M. COLON COLLAZO, Plaintiff,**

v.

**Rafael CORDERO SANTIAGO, Defendant.**

**Civ. No. 87–1291(PG).**

United States District Court, D. Puerto Rico.

Nov. 3, 1988.

---

Sigrid López González, Hato Rey, Puerto Rico, for plaintiff.

Julio Maymí Pagán, Santurce, Puerto Rico, for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Jesús M. Colón Collazo, as Mayor of the Municipality of Orocovis, brought this action against Rafael Cordero Santiago as Administrator for the Right to Employment Administration ("REA"). Plaintiff seeks injunctive relief for violations of the rights secured under the Comprehensive Employment and Training Act ("CETA"),[1] Public Law 93–203, as amended by Public Law 95–524, 92 Stat. 1907, and of the privileges secured under the Fourteenth Amendment to the Constitution of the United States. Jurisdiction is invoked under 28 U.S.C. § 1343.

Before its repeal in 1982, CETA provided for grants of federal funds to certain qualified entities known as "prime sponsors," principally state and local governments, for programs "provid[ing] job training and employment opportunities for economically disadvantaged, unemployed, or underemployed persons," 29 U.S.C. § 801 (1976 Ed. Supp. V).[2] *Brock v. Pierce County*, 476 U.S. 253, 255, 106 S.Ct. 1834, 1836, 90 L.Ed.2d 248 (1986). The prime sponsor in Puerto Rico responsible for the administration and implementation of CETA was REA.

During the years of 1975 through September 1981, REA delegated portions of the CETA program under titles II and IV

1. Comprehensive Employment and Training Act of 1973, Pub.L.No. 93–203, 87 Stat. 839, amended by Pub.L.No. 95–524, 92 Stat. 1909 (1978), was repealed by the Job Training Partnership Act of 1982, Pub.L.No. 97–300, 29 U.S.C. § 1501–1781. Provisions of the Job Training Act do not affect administrative or judicial pro-ceedings commenced under CETA before September 30, 1984. Pub.L.No. 97–300, § 181, 96 Stat. 1354, 29 U.S.C. § 1591(e).

2. All citations to Title 29 of the United States Code will be to Supplement V of the 1976 edition.

to its subgrantee or subrecipient, the Municipality of Orocovis.

One of REA's responsibilities as prime sponsor is the audit of the local government's use of CETA funds. 29 U.S.C. §§ 813(a)(12), 835. REA audited the Municipality of Orocovis, and on January 3, 1985, issued an audit report questioning Orocovis' use of $64,013 of CETA funds. The report stated that the municipality had the opportunity to present a response to the audit and that a determination letter would then be issued by the REA administrator. The REA administrator issued such a letter on August 22, 1986, in which he disallowed $44,715 of the $64,013. The letter stated that all parties had the opportunity to request a hearing with regard to REA's final determination not later than ten days after receipt of the final determination letter. If a hearing was requested, the parties had the following rights:

1. The opportunity to withdraw the request for hearing in writing before the hearing.

2. The opportunity to request rescheduling of the hearing for good cause.

3. The opportunity to be represented by an attorney or other representative of their choice.

4. The opportunity to bring witnesses and documentary evidence.

5. The opportunity to have records or documents relevant to the issues produced by their custodian when such records or documents are kept by or for the recipient or its subrecipient in the ordinary course of business.

6. The opportunity to question any witnesses or parties.

7. The right to an impartial hearing officer.

8. A written decision from the hearing officer to you and any other interested parties.

The letter further advised that any adverse decision by the hearing officer may be appealed to the United States Department of Labor's Grant Officer pursuant to 20 C.F.R. § 676.86.

A hearing was requested by plaintiff, Colón Collazo, in a letter dated September 3, 1986. Ten months later, on July 3, 1987, defendant, Cordero Santiago, sent a notice of hearing to plaintiff as to the issue of the costs disallowed in the final determination letter regarding the municipality's CETA programs. The following notice gave plaintiff the following rights:

1. to reschedule the hearing for good cause;

2. to be represented by an attorney or other representative;

3. to bring witnesses and documentary evidence;

4. to have records or documents relevant to the issues produced by their custodian when such records or documents are kept by or for the recipient or its subrecipient in the ordinary course of business;

5. to question any witness or parties; and

6. to an impartial hearing officer.

The Municipality of Orocovis, through its attorney, Sigrid López González, in a letter dated July 23, 1987, and addressed to defendant, requested copy of numerous items, *inter alia*, copy of audit reports for the year in question, copy of CETA law and regulations, copy of REA administrative regulations and bulletins, a copy of audit regulations and procedures for the year in question. Furthermore, she requested the Administrator of CETA to postpone and reschedule the hearing once the documents requested were received because she had a trial at the Superior Court of Puerto Rico, Carolina Part, on the same date of the scheduled hearing.

According to the complaint, it was not until six hours before the scheduled hearing that through a phone call the rescheduling was denied. Attorney López González was allegedly made to believe after a telephone conversation with the Examining Officer of REA that the hearing was to be held for the sole purpose of providing them with the requested documents. She attended the hearing and to her surprise a full hearing was held. She withdrew from the hearing leaving in record "Motion Objecting and Impeach (sic) Hearing Because of

Failure to Provide Due Process and Others." A decision has not yet been rendered.

Defendant has filed a motion to dismiss the complaint on the grounds that plaintiff has failed to exhaust administrative remedies and that the proper judicial forum is the federal court of appeals.

Section 106 sets up a two-tier grievance procedure, providing (1) that each prime sponsor, contractor, or grantee under CETA shall maintain a grievance procedure for handling program complaints "arising from its participants, subgrantees, contractors, and other interested persons," § 106(a), 29 U.S.C. § 816(a); and (2) that whenever the Secretary of Labor receives a complaint from any "interested person or organization ... which has exhausted the prime sponsor's grievance system ... or failed to achieve resolution of the grievance under the recipient grievance system," § 106(b), 29 U.S.C. § 816(b), the Secretary must conduct an investigation and make a final determination not later than 120 days after receiving the complaint, *id.*

Section 107, 29 U.S.C. § 817, permits judicial review of the Secretary's final action under section 106 in the federal court of appeals for the circuit in which the prime sponsor, recipient, or person resides or transacts business. 20 C.F.R. § 676.83(a).

The complaint's resolution procedure includes *inter alia:*

(3) Written notification of an opportunity for a hearing when an enforced resolution has not been accomplished. The notice shall state the procedures for requesting a hearing and shall describe the elements in the hearing procedures including those set forth in paragraph (c) of this section.

(5) Opportunity for a hearing pursuant to paragraph (c) of this section within 30 days of filing the complaint.

(6) A final written decision to the complainant which shall be made within 60 days of the filing of the complaint. 20 C.F.R. § 676.83(b).

The hearing procedure includes:

(1) Written notice of the date, time, and place of the hearing, the manner at which it will be conducted, and the issues to be decided....

(2) Opportunity to withdraw the request for hearing in writing before the hearing.

(3) Opportunity to request rescheduling of the hearing for good cause.

(4) Opportunity to be represented by an attorney or other representative of the complainant's choice.

(5) Opportunity to bring witnesses and documentary evidence.

(6) Opportunity to have records or documents relevant to the issues produced by their custodian when such records or documents are kept by or for the recipient or its subrecipient in the ordinary course of business.

(7) Opportunity to question any witness or parties.

(8) The right to an impartial hearing officer.

(9) A written decision from the hearing officer to the complainant(s) and any other interested parties within 60 days of filing of the complaint.

20 C.F.R. § 676.83(c).

■ Defendant's main contention is that plaintiff's complaint should be dismissed because plaintiff has failed to exhaust his administrative procedures as required in CETA.

Recipient-level grievance procedures have to be exhausted before a complainant can appeal to the United States Department of Labor an adverse ruling by the hearing officer. 20 C.F.R. § 676.85(a). However, there are exceptions to the rule of grantee-level exhaustion, and an appeal may be filed in the U.S. Department of Labor if the Department determines that:

(1) The recipient or subrecipient has not acted within the time frames specified in § 676.83 and § 676.84; or

(2) The recipient's or subrecipient's procedures are not in compliance with § 676.83 or 676.84, whichever is applicable; or

(3) An emergency situation exists.

20 C.F.R. § 676.85(b).

The subrecipient may file a complaint at the federal level (Department of Labor)

without having exhausted the recipient level procedure. 20 C.F.R. § 676.85. Within 120 days of receiving the complaint, the Grant Officer must issue a final determination. The Grant Officer's final determination may be subject to review by requesting a hearing with the Chief Administrative Law Judge, United States Department of Labor. 20 C.F.R. § 676.88(f). The decision of the administrative law judge constitutes final action by the Secretary unless a party files exceptions within the time prescribed. 20 C.F.R. § 676.92(f). The final action of the Secretary is reviewable in the federal court of appeals for the circuit in which the prime sponsor or recipient resides or transacts business. 29 U.S.C. § 817.

The principal claim in the complaint is that the prime sponsor, the Right to Employment Administration, has not acted within the time frames specified in section 676.83 nor has it complied with the procedures established in section 676.83.

CETA provides a comprehensive administrative procedure for determination of complaints, under which the Secretary is authorized to correct violations of the Act, § 106, 29 U.S.C. § 816, subject to judicial review, § 107, 29 U.S.C. § 817.

*CETA Workers's Organizing Committee v. City of New York*, 617 F.2d 926, (2nd Cir.1980).

■ Congress intended judicial review to occur in the court of appeals *after* the Secretary's action upon the grievance, as the exclusive judicial method of monitoring the federal agency's own enforcement of the Act *vis-a-vis* the prime sponsors or subrecipients. *Id.* at 935–36. CETA does not expressly or impliedly authorized private right of action against prime sponsors and other recipients of federal funds to be brought by individual program participants. *Id.* at 926.

All of the issues raised by plaintiff's complaint, including their assertion of denial of procedural due process, can be raised on the proceedings before the United States Department of Labor. 20 C.F.R. § 676.85(b). *Cf. Chicago Automobile Trade Association v. Madden*, 328 F.2d 766 (7th Cir.), *cert. denied*, 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964).

[M]erely raising a constitutional issue as to Board procedures in its complaint for declaratory judgment [temporary restraining order, preliminary injuctive relief], when full appellate review of the administrative proceedings is available and in the absence of extenuating circumstances, is insufficient to give the district court jurisdiction over the subject matter in the face of the well-established doctrine of exhaustion of administrative remedies.

*Vapor Blast Manufacturing Company v. Madden*, 280 F.2d 205, 209 (7th Cir.), *cert. denied*, 364 U.S. 910, 81 S.Ct. 273, 5 L.Ed. 2d 225 (1960).

Requiring exhaustion is particularly appropriate when the administrative remedy may eliminate the necessity to decide constitutional questions. *See Aircraft & Diesel Equip. Corp. v. Hirsch*, 331 U.S. 752, 772–73, 67 S.Ct. 1493, 1503, 91 L.Ed. 1796 (1947); *Chicago Automobile Trade Association v. Madden, supra; Montana Chapter of Ass'n of Civilian Technician, Inc. v. Young*, 514 F.2d 1165, 1167–68 (9th Cir. 1975).

The principle which requires administrative finality as a prerequisite to judicial review has particular force where the interlocutory order sought to be reviewed relates to the agency's case-handling procedures. *Chicago Automobile Trade Association v. Madden, supra*, at 769, *citing, United Air Lines v. Civil Aeronautics Board*, 228 F.2d 13 (D.D.C.1955).

■ The record before us does not disclose the existence of any extenuating or extraordinary circumstances which would warrant departure from the well-established principle of exhaustion of administrative remedies. The underlying issue in this case—the disallowance of the Municipality of Orocovis—is a matter that calls out for resolution initially at the agency level because it calls for expertise, and an initial independent review of the costs disallowed at an agency level would serve the major purposes of the exhaustion doctrine.

Agency proceedings in this case have not been shown to be futile nor to work severe harm upon plaintiffs. *Ezratty v. Comm. of Puerto Rico*, 648 F.2d 770, 774 (1st Cir.1981).

'[W]here an immediate appeal is necessary to give realistic protection to the claimed right,' ... a court may properly carve an exception to the doctrine. Only rarely, however, will preliminary [or] procedural ... agency action 'threaten so irreparable an injury as to justify interlocutory resort to corrective judicial process.' *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690, 696 (3rd Cir.1979), *quoting Bristol–Myers Co. v. FTC*, 469 F.2d 1116, 1118 (2nd Cir.1972).

Plaintiff claims that defendant *can* without notice, due process and hearing retain the Municipality's tax revenues to account for the disallowed funds. As the Supreme Court has stated in *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 563, 82 L.Ed. 638 (1938), the doctrine of exhaustion of remedies provides that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." (footnote omitted). *Cited in Ezratty v. Comm. of Puerto Rico, supra,* at 774.

The important interests that the exhaustion doctrine serves are:

It allows the agency to develop a factual record, to apply its expertise to a problem, to exercise its discretion, and to correct its own mistakes, all before a court will intervene. Insofar as specialized administrative understanding is important, the doctrine thereby promotes accurate results, not only at the agency level, but also by allowing more informed judicial review. By limiting judicial interruption of agency proceedings, the doctrine can encourage expeditious decision making. Insofar as Congress has provided that an agency will decide a matter in the first instance, to apply the doctrine normally furthers specific congressional intent. And as a general matter, the doctrine promotes a sensible decision of tasks between the agency and the court: litigants are discouraged from weakening the position of the agency by flouting its processes, while court resources are reserved for dealing primarily with those matters which could not be resolved administratively. Thus, the doctrine serves interests of accuracy, efficiency, agency autonomy and judicial economy.

*Ezratty v. Comm. of Puerto Rico, id.,* 774 (citations omitted).

WHEREFORE, in view of the above conclusions, the Court hereby GRANTS defendant's motion to dismiss the complaint for failure to exhaust the administrative remedies.

IT IS SO ORDERED.